IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSCAR TAYLOR, N-83730 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1142-JPG |
| | ) |
| VIPIN SHAH, M.D., | ) |
| CHRISTINE BROWN, | ) |
| LOUIS SCHICKER, | ) |
| ILLINOIS DEPARMENT OF | ) |
| CORRECTIONS and | ) |
| WEXFORD HEALTH SOURCE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**Gilbert, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations by Defendants occurring while he an inmate was at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims that defendants showed deliberate indifference to his serious medical needs by ignoring colitis and sustained bleeding episodes from June 8, 2011, to May 10, 2012.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated a colorable federal cause of action against Defendant Shah. However, the claims against Defendant Brown, Health Care Unit Administrator at Pinckneyville, and Louis Schicker, Agency Medical Director, Illinois Department of Corrections, are dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266

F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff has not alleged that Defendants Brown or Schicker were "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Brown and Shicker are DISMISSED as defendants.

The same holds true for Wexford Health; Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).  This claim shall be dismissed.

Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). The claim against Wexford Health Source shall be dismissed.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 2) and Motion in support thereof (Doc. 6) are **REFERRED** to United States Magistrate Judge Philip M. Frazier for further consideration.

**Disposition**

Defendants **BROWN, SCHICKER, ILLINOIS DEPARMENT OF CORRECTIONS** and **WEXFORD HEALTH SOURCE**, are **DISMISSED** from this action **without prejudice**.

The Clerk of Court shall prepare for Defendant **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon the Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper

received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this

order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 9, 2013**

s/ J. PHIL GILBERT
United States District Judge
