**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| OSCAR TAYLOR, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.   12-cv-01142-PMF** |
| | ) |
| VIPIN SHAH, | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Vipin Shah's motion for summary judgment (Doc. No. 28). Plaintiff Oscar Taylor is proceeding against Shah on an Eighth Amendment claim of deliberate indifference to serious medical needs.  Shah seeks judgment in his favor, arguing that the undisputed facts could not support a finding that his response to Taylor's medical concerns qualifies as deliberate indifference or criminal recklessness.  The motion is opposed (Doc. No. 32).   A reply is on file (Doc. No. 33).

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law.   Fed. R. Civ. P. 56(a).   The facts and all reasonable inferences are drawn in favor of the nonmoving party.   *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Deliberate indifference to the serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment.   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A defendant acts with deliberate indifference when he consciously disregards a known and substantial risk of harm from an objectively serious medical condition.   *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).   Deliberate indifference is conduct that is intentional or reckless and not simply negligent. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).   Deliberate indifference may be inferred when a physician makes a treatment decision that falls far afield of accepted professional medical judgment.   *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2009).   A disagreement regarding appropriate treatment could not establish deliberate indifference.   *Budd v.*

*Motley*, 711 F.3d 840, 844 (7th Cir. 2013)(extensive medical care over a period of weeks revealed dissatisfaction with the care received).

Viewing the evidence and all reasonable inferences in plaintiff's favor, and considering plaintiff's medical history of chronic colitis/proctitis, the Court is satisfied that some the evidence, so viewed, would lend support to a finding that Shah's response to plaintiff's serious medical need for evaluation and treatment of recurring symptoms of rectal bleeding satisfies the constitutional standard.

Shah's motion for summary judgment (Doc. No. 28) is DENIED.

IT IS ORDERED that the parties shall jointly submit a proposed Final Pretrial Order (to PMFpd@ilsd.uscourts.gov) by **September 8, 2015**.   A Final Pretrial Conference will be held by telephone conference on **September 15, 2015**, at 10:00 a.m.   Counsel for defendant shall set up the conference call between the parties and the Court.   The Court may be reached at (618)439-7750.   A trial date will be selected at that time.

**IT IS SO ORDERED.**

**DATED:   June 17, 2015.**

 **S/ Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**